# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket no. 11-CR-39-GZS ) |
| DAVID LECLAIR, | ) ) ) ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO SUPPRESS

The Superseding Indictment charges Defendant David LeClair, along with multiple co-defendants, with two counts of conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846. Before the Court is Defendant's Motion to Suppress (Docket # 124). Having determined that no evidentiary hearing is necessary, the Court DENIES Defendant's Motion for reasons explained herein.

### I. FACTUAL BACKGROUND

On January 5, 2011, an undercover Maine Drug Enforcement Agency ("Maine DEA") agent spoke with the target of a drug trafficking investigation, Jason Taylor, concerning oxycodone distribution. During this conversation, the agent learned that Taylor had been receiving oxycodone pills from a supplier in Florida for nearly three years and that the pills were sent from Florida to Maine via FedEx priority overnight mail. Taylor stated that whenever possible he used different addresses and addressees on the packages. The package recipients in Maine received the packages on Taylor's behalf. (See Search Warrant Aff. (Docket # 128) at 3.)

The next day, the agent and Taylor had a second conversation in which the agent asked to buy 100 oxycodone 30 mg pills for $1,650. Taylor agreed to the sale and informed the agent that

after receiving payment he would deposit the money in his supplier's bank account and the supplier would then ship the pills from Florida via FedEx. According to Taylor, the pills would arrive the morning after he deposited money in the supplier's bank account. (See id. at 4.) Taylor and the agent met again on January 7, 2011 to conduct the transaction. During their meeting Taylor called his source in Florida and told the source that the package should be sent to an address in Waterboro, Maine. Taylor also confirmed a bank account number with his source. The agent and Taylor then went to a Bank of America branch where the agent handed $1,650 to Taylor, which he deposited into a bank account using a bank teller. (See id.)

In the early morning hours of January 8, 2011, a separate Maine DEA agent arrived at the FedEx delivery hub in Portland, Maine in search of the suspect package. The agent located no package addressed to the Waterboro address. He then checked to see if there were any other packages set for delivery in the Biddeford/Saco area with indicators similar to a FedEx overnight package containing oxycodone pills that had been linked to Taylor and intercepted by Maine DEA agents in June 2010. The indicators included: hand written airbill, a Florida return address, and an addressee in the Biddeford, Saco, Waterboro area. The agent discovered an overnight package sent from Jason Elie, 12 SW 111 St., Miami, Florida, addressed to Rick Elie, 14 Irving Street, Apt. 1, Saco, Maine. The agent was familiar with the Elie name and the receiving address because the name Leo Elie at that receiving address had been identified as one of Taylor's customers. The agent reviewed the shipping history and noted that the package had been sent from Miami, Florida the previous evening at 5:23 p.m. The agent contacted the Miami-Dade Sheriff's Office and was informed that the return address on the package was fictitious. (See id. at 5.) Maine DEA then requested – and obtained from a Maine District Court Judge – a search warrant to search the package.

## II. DISCUSSION

Defendant seeks suppression of the package and its contents on the ground that the Government's search of the package was not supported by probable cause. The Government, on the other hand, contends that Defendant had no Fourth Amendment rights that could be infringed by the search and, therefore, that the search was permissible. Additionally, the Government argues that the search warrant established probable cause or, alternatively, that the search and seizure of the package would fall within the good faith exception.

Generally, the Fourth Amendment grants protection against unlawful searches and seizures, and evidence obtained in violation of a defendant's Fourth Amendment rights may not be used against him. See, e.g., Weeks v. United States, 232 U.S. 383, 391-92 (1914). A court may not suppress evidence under the Fourth Amendment unless it finds that an unlawful search or seizure violated the defendant's constitutional rights. See United States v. Colon-Solis, 508 F. Supp. 2d 186, 191 (D.P.R. 2007) (citing United States v. Payner, 447 U.S. 727, 731 (1980)). The Court must therefore determine "whether the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment has designated for protection." See Rakas v. Illinois, 439 U.S. 128, 140 (1978). A defendant's Fourth Amendment rights are violated "when the challenged conduct invaded his legitimate expectation of privacy rather than that of a third party." Colon-Solis, 508 at 192 (citing Payner, 447 U.S. at 731). A defendant seeking to suppress evidence bears the burden of demonstrating that he had a legitimate expectation of privacy in the thing seized. See United States v. Dunning, 312 F.3d 528, 531 (1st Cir. 2002) (citing Rawlings v. Kentucky, 448 U.S. 98, 104-05 (1980), and Rakas, 439 U.S. at

143).  Additionally, the expectation of privacy must be one recognized by society as reasonable. See Colon-Solis, 508 at 192 (citing United States v. Jacobsen, 466 U.S. 109, 123 n.22 (1984)).

A sender or addressee of mail has a reasonable expectation of privacy in his or her mail because sealed mail is historically private.  See id. (citing Jacobsen, 466 U.S. at 114); see also Dunning, 312 F.3d at 531; United States v. Villarreal, 963 F.2d 770, 774 (5th Cir. 1992); United States v. Koenig, 856 F.2d 843, 846 (7th Cir. 1988).  A defendant who is not the sender or addressee may challenge a seizure of mail if other factors show he had a subjective and objectively reasonable expectation of privacy.  See United States v. Allen, 741 F. Supp. 15, 17 (D. Me. 1990) (holding that defendant who claimed ownership of package containing LSD had legitimate expectation of privacy in it).  The First Circuit has articulated a number of factors to be considered in making such a determination, including:

> ownership, possession, and/or control; historical use of the property searched or the things seized; ability to regulate access; the totality of the surrounding circumstances; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of such an expectancy under the facts of a given case.

United States v. Aguirre, 839 F.2d 854, 856-57 (1st Cir. 1988).

In this case, LeClair does not claim to be the sender or the recipient of the searched package.  Nor does LeClair make any argument that he at any time exerted ownership, possession, control, or historical use of the package or its contents.  Having made no claims whatsoever that he had any reasonable expectation of privacy in the package, LeClair has not met his burden of establishing a legitimate expectation of privacy in the package.  Therefore, the Court concludes that the search of the package cannot be properly challenged by LeClair.

Even if the Court were to find that LeClair had Fourth Amendment rights that could be infringed by the search, the Court would still find that the affidavit submitted in support of the

4

search warrant adequately established probable cause to search the package. An affidavit submitted in support of a warrant must demonstrate probable cause to believe that a crime has been committed and that specified evidence relevant to the offense will be found at the place to be searched. See United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999). Probable cause to issue a search warrant exists when "given all the circumstances set forth in the affidavit there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Procopio, 88 F.3d 21, 25 (1st Cir. 1996) (internal quotation omitted). The standard for determining the sufficiency of an affidavit is whether the "totality of the circumstances" stated in the affidavit demonstrates probable cause to conduct the search. United States v. Khounsavanh, 113 F.3d 279, 283 (1st Cir. 1997). "Probable cause need not be tantamount to proof beyond a reasonable doubt. Probability is the touchstone." Id. (internal quotation omitted). To establish probable cause, the information available in the affidavit must show "a fair probability that contraband or evidence of a crime will be found in a particular place." Id. (internal quotation omitted). An affidavit supporting a request for a search warrant must give the magistrate a substantial basis upon which to conclude that there is such a fair probability. Id.

Here, the affidavit in support of the search warrant sufficiently established probable cause to justify the issuance of the warrant. The affidavit recited that agents of the Maine DEA had been investigating Jason Taylor for several years in connection with illegal drug trafficking. The affidavit also noted that Taylor received shipments, addressed from different individuals, on a regular basis from a source in Florida via FedEx overnight mail. In regards to the seized package, the affidavit noted that the package shared important indicators similar to another package containing oxycodone pills linked to Taylor. The affidavit also listed information obtained by the Maine DEA agent communicating directly with Taylor in early January 2011

that indicated a fair probability that contraband would be found in the package. The important indicators included the use of FedEx overnight mail, a handwritten airbill, a fictitious Florida return address, and a recipient address and addressee linked to Taylor's drug trafficking activities. Accordingly, the totality of information conveyed in the affidavit sufficed to establish probable cause to believe that a crime had been committed and that evidence of that crime would likely be found in the FedEx package. See United States v. Schaefer, 87 F.3d 562, 565 (1st Cir. 1996).

Finally, assuming *arguendo* that the affidavit did not establish probable cause, the good faith exception would preclude suppression. See United States v. Leon, 468 U.S. 897, 922 (1984); United States v. Owens, 167 F.3d 739, 745 (1st Cir.1999) (holding that the exclusionary rule should not be applied when an officer acting with objective good faith has obtained a search warrant from and acted within its scope). Nor would this case fit within one of the four categorical exclusions to the good faith exception. See Owens, 167 F.3d at 745. The exclusions are: (1) when the magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) where the issuing magistrate abandoned his detached and neutral judicial role; (3) where the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where a warrant fails to particularize the place to be searched or the things to be seized such that the executing officers cannot reasonably presume it to be valid. Id. Here, LeClair raises neither concerns nor evidence concerning any of the four exclusions to the good faith exception. Accordingly, the Court finds that the good faith exception would preclude suppression of the package and its contents.

## III. CONCLUSION

Accordingly, for the reasons set forth herein, Defendant's Motion to Suppress (Docket # 124) is DENIED.

SO ORDERED.

                                              /s/ George Z. Singal
                                              United States District Judge

Dated this 19th day of December, 2011.